Good morning, your honors. Erica Cunliffe on behalf of Joseph Coles. I will reserve We're asking this court to reverse the district court's decision denying Joseph Coles' petition for habeas corpus relief. At the outset, I want to acknowledge that Valentine is not binding on this court, nor is it binding on any court, as far as I can tell. What it did was provide a framework that some courts in Ohio, at least, and many prosecutor's offices adopted, and frankly, to the good. But with that said, whether that decision was grounded on clearly established federal constitutional precedent or not, Mr. Coles is entitled to better notice than what he received here. Arkansas v. Coles, Coles v. Arkansas, they're I don't think and I don't believe that the attorney general has suggested that notice is not something that people are entitled to. I think it's clearly accepted, generally, that the defendant is entitled to notice of the charges so that he can meaningfully prepare defense. With that said, obviously, I think I need to address Judge Gilman's dissent in Valentine. I hope by doing so during the course of this argument, to demonstrate why in this case, Mr. Coles is entitled to relief. With that said, Judge Gilman, you noted in the Valentine dissent, that child abuse cases are difficult to prosecute. And I just want to address that at the outset, because I think that that's a concern that repeatedly rears its head in these cases, the case law throughout. And I'm not sure it's necessarily accurate. At least the data that's been amassed since the Valentine decision in my county, which is Cuyahoga County, since 2005, the indictments have not dropped and they've leveled out to this point at about 300. There were 262 the year that the Valentine decision was decided. And they're currently stable at about 290. And I realize that that's not in my record. To the extent that the court would like additional briefing or supplemental briefing to address those concerns, I'd be happy to do that. While I do acknowledge that these child abuse cases, there are reporting problems with them, because it involves a child. There are memory concerns for children. There's all kinds of structural family problems that may occur in situations involving children, which make it But with that said, once the issue is reported, prosecuting them, I don't believe the data bears out that they're difficult to prosecute once they're indicted. And I think the data, at least in my county, supports that. And certainly it supports the idea that Valentine did not hurt the prosecution of these cases, in my county at least. With that said, obviously I think the next concern here that Judge Gilman raised was that this is the Valentine decision was not based on clearly established federal constitutional precedent. And as I noted initially, whether this court decides that Russell is or is not applicable to the states, I mean, I think that it's fairly clear that Russell is addressing I have kind of, well, really two questions. Sure. In looking at Valentine, what do we do with the fact that the majority in Valentine says on more than one occasion that it's looking to well-established constitutional law as announced by the Supreme Court? Are we free to disregard that precedent in Valentine? I'm not sure what you mean, the precedent. I mean, the Valentine majority thought it was doing what was required. Now, subsequent Supreme Court precedent might cast some doubt on whether the majority was doing what is required. Because it was sort of reaching that conclusion based not on any directly controlling Supreme Court precedent, but extrapolation from other cases, some of which were not perhaps directly applicable in the context. But nevertheless, we do look to Supreme Court precedent. But when we've got a circuit precedent that says this is what the Supreme Court precedent is, how do we so glibly ignore that when we're bound by our own circuit precedent? I'm not sure what you do. Frankly, I mean, I think that I put this in my brief. I'm not sure that you are free to ignore it. But... Well, yeah, it's a real dilemma for us. Because, I mean, Judge Gilman looks really, really good in hindsight. But he was in dissent. That's correct. And I think the position that I have to take here is whatever this holds is entitled to relief. Why is he, though? That gets to me. Well, then, I guess, first, I think we have to, this Court has to accept my argument that notice principles apply to indictments, just generally. Well, when you look at what the actual testimony at trial was, I mean, it's pretty clear what was being charged with, what the allegations were. The victim was fairly specific in her testimony. I mean, how do we deal with that aspect? We might as well get there. This is the indictment. This is what Joseph Cole's attorney and Joseph Cole's face going into the trial. And under the law that was applicable in Ohio at the time of this case, we had very, very limited discovery at the time. And he was entitled pretrial to a bill of particulars, which he got. And basically, that gave a couple of addresses over the course of the six-year period, one of which was wrong or got the town wrong entirely. But putting that aside... For an additional or supplemental bill? That's correct. Given the dynamics of the courtroom at the time, it was essentially denied. But yeah, he sought a more specific bill, didn't get it, and had a list of witnesses going into this trial. He was not entitled under the discovery rules at the time. And they have since changed. As of 2010, Ohio has adopted broader, more reasonable, equitable discovery. But at the time, he was not entitled to police reports. He was not entitled to witness statements. All he got was the list of witnesses and the defendant's statements. And he already knows what those are. So at the time this case went to trial, then witness statements, you're only entitled to those after the witness testifies. And the judge first has to look at those statements to determine whether or not they're impeaching. And then once the judge determines that, they'll let you look at the statements before you cross-examine the witness. So really, Judge Gibbons, they went into this blind. And they went into this with 245 counts, many rapes, many GSIs, many kidnappings alleged over a six-year period. And something else I want to point out, customarily, we've come to look at allegations of kidnapping, gross sexual imposition, and rape as part and parcel of one incident. And that's how we treat those in our interpretation of the law in my county. But the jury was not given any reason to understand that. Ultimately, I thought at the end of the day, he ended up not convicted of any kidnapping counts and not convicted of the gross sexual imposition counts. I mean, it took the Court of Appeals, I think, to deal with the gross sexual imposition counts. But his convictions before us, they don't include any of those. They do not, Judge. But we're talking about notice. And so what he's facing are these indistinguishable kidnappings, GSIs, rapes. And the jury is never given to understand one way or the other whether they're linked up to one incident or anything. They're just thrown at the jury. In this case, his defense was not that, oh, I didn't do that one or this one. He says, I never had sexual relations with her at all. That's correct, Judge. So what difference does it make if he's not clear on each specific instance? Because his thing is, hey, she's just totally lying about the whole thing. Because again, we're going back to notice. And notice is about what you're facing so you can prepare a defense. So I understand that there was no actual alibi explained. And, Judge Gilman, addressing what you had explained in the Valentine case, that he should have just put on whatever alibi he thought he had. And that might have been possible in Valentine, although I dispute that a little bit. But the time frame was much more narrow. We're talking about six years. Six years. Nobody can account for their whereabouts throughout a six-year period. When I was living in the same, does he dispute that I was living in the same family home during that time? Yes. There were times when he wasn't there. They didn't get married, actually, until 2003. And a lot of the allegations stem from 1998 up through 2004. And he was thrown out of the house for a while. There was some definite back and forth. There was another family involved. So yeah, there is a dispute with that. But no, correct, there was no alibi defense put on. But I pose it that the reason why there was no alibi put on is that you couldn't have presented an alibi here. For the defense counsel, and I think this applies the same to Valentine, for the defense counsel to be in a situation where he's putting on an alibi in a situation like this, he's committing malpractice. He's literally, you set up a straw man because the prosecution can come in and say, well, you can't account for your whereabouts every single minute of every single day. You had to have been alone with that child at one point or another. So the alibi does, I think that doesn't work. The idea that you could simply put it on. I think he was forced into this defense because of the scattergun nature of the charges. But more than that, and I've consumed a whole bunch of my time, but just more than that, there's the importance of knowing not just his whereabouts, but her whereabouts. How was she doing in school? Were there certain periods of time when she was having psychological trouble, thereby maybe contradicting or confirming the abuse that's alleged? Counsel had no ability to access that information. I see my time has consumed my time. May I quickly sum up? In maybe a sentence or so. Counsel is completely hampered. Without more specifics, they can't ascertain when the the multiplicative nature of these charges, uniquely in this case, because really it's unprecedented. In all the cases that we've cited, either sides have cited or have been looked at in Valentine, this really, really is an unprecedented situation. And I think based on that, there was no notice. And therefore his rights under the constitution were clearly established rights were violated in this case. Thank you, your honors. The reason that there was no possibility of an alibi defense in this case is because there was no alibi defense. Well, that begs the question, doesn't it? No, it does not. The question is, can someone have adequate information by notice so that that person can defend against the 245 counts that were brought against them? The fact that, you know, to turn to the merits and say, well, you didn't have an alibi doesn't answer the question of whether a rule of law that you're asking us to affirm provides someone who may have an alibi defense the right to use it appropriately. I completely agree, your honor. And there was a possibility of an alibi defense in this case. The notice that was provided to the defendant in this case did not stem solely from the indictment. It stemmed from discovery. It stemmed from the trial testimony. During the trial, the victim testified not only to the entire three and a half year period of abuse. I don't dispute that. I think clearly you've got that corner of Valentine, that there was testimony at trial. But we're talking about preparation. We're talking about the ability to put together a defense so that when you get to trial, you're prepared to respond and put on affirmatively the things that you believe impact the indictments, you know, the counts against you. So back end isn't going to save that issue. How do you address the issue of the right to notice so that you are able to be prepared to offer a defense? Well, the notice requirements are not specific to pre-trial notice. This court, even in Valentine, said notice can be provided pre-trial and during the trial. And the Supreme Court in all its cases has not specified that notice has to come before trial. Now in this case, the petitioner has stated a lot of things in her argument that are off the record. The record indicates that they did have discovery. The docket sheets in this case show discovery. There's nothing in this case's record that says that discovery was inadequate. There's nothing in this case's record that says that the petitioner moved to dismiss the indictment. He didn't. If the indictment was truly inadequate and failed to provide him notice, he should have moved to dismiss or quash the indictment. That never happened in this case. He moved to supplement the bill of particulars and in return, the state provided discovery. And my memory of the briefing is that discovery was a few names and addresses? Well, there's nothing in the record that indicates that discovery was limited in that way. And once the state provided discovery, and I think it's very important that we have to rely on the record and not on what counsel is telling us about the various practices in the Cuyahoga County Courts. There's nothing in the record that says that discovery was limited in that way. Once the state provided discovery, the docket sheet is silent about any other problems in terms of notice. There's nothing. There's no motion to dismiss the indictment. There's nothing further on whether or not discovery was adequate or inadequate. It's just not in there. Once we strip the Supreme Court cases that deal with what's required in federal prosecutions, what are we left with as the relevant Supreme Court picture? Russell is federal prosecutions. There are two other cases. I'm blanking out on the names right now. Cole v. Arkansas, and there's a third which the name alludes me. But all these cases deal with the Sixth Amendment right of an accused to be informed of the nature and cause of the accusation and the due process requirements of fair and reasonable notice. And that is what we should not rely on. The Valentine Court did refer to what it thought was clearly established law, Supreme Court law, Russell. And in doing so, it relied on circuit court opinions which said that Russell was the appropriate law to look at with respect to a state defendant. Well, the Supreme Court has since then said over and over again, you may not rely on circuit court opinions. So the Valentine's Court's incorporation of what it thought was clearly established federal law was based on something that the Supreme Court has since said you may not do. In fact, the Supreme Court has said over and over, it's plain error for this circuit to rely on its own precedence in deciding clearly established law. Since the law that we are dealing with is fair and reasonable notice, which is a very general concept, the state court has a wide range of reasonable applications available to it. I guess the question before us is a practice that appears to not be universal. The filing of 245 counts that are effectively identical. I'm struggling with how it's noticed to file the same identical accounts that merely list the elements of the charge over and over. I guess I would say to you that it seems to me that because that is not the practice in the majority or vast majority of other locations, it raises questions in my mind. How do you say that that gives notice? Well, first of all, the issue is not the 242 charges. The issue in this case is, did he receive adequate notice of the 43 counts of rape? That's the issue. He was acquitted or the state the other counts. So that is the issue in this case. Secondly, if Ohio had a course of conduct law which allowed it to prosecute on the basis of a pattern of behavior, it would include all this in one count. However, Ohio doesn't have such a law. So the prosecution is essentially if he wants or she wants to prosecute to the fullest extent of the law and to keep within principles of justice and proportionality, he must prosecute for each count that was committed, every count of rape. Why should a defendant who commits 43 counts of rape only be prosecuted for one? Why should a victim receive that kind of justice? Agreed, but it still leaves the question in my mind. How do you say to this guy, no matter how reprehensible you want to say or people agree the conduct is, you want to say to him, they're 43 and here they are, buddy. You need to get out there and give me your defense to those because that's what we're accusing you of doing. I'm struggling with how you put him on notice so that he comes forward and gets his day in court and then if he's convicted, that's it. But just because they're 43 or because they're 245, doesn't to me relieve you of the responsibility of conveying the information of what those are. I understand that you are troubled by this, but the Supreme Court has not said in any of its cases that you may not issue indictments with multiple counts that are factually indistinguishable, as Judge Gilman had pointed out in Valentine. This is a case under the AEDPA statute and we are limited to Supreme Court law. If there isn't a Supreme Court law that's held that this is not a, an appropriate practice, then we, this court would have to say that it's not an unreasonable application of or contrary to Supreme Court precedent. But Valentine majority said the opposite. Are we free to overrule Valentine? Yes, because since, first of all, as I said earlier, Valentine relies on circuit court cases to incorporate the notion, the notions and principles. Valentine said that based on clear Supreme Court precedent, that may be totally wrong. I personally think it is wrong, but still one panel of this court cannot overrule. And it does specific, I mean the, the Valentine majority makes continuous reference to Russell, which is a Supreme Court opinion. Now we might quibble with the view that it's, that it's sufficiently on point to constitute the required sort of Supreme Court precedent, but it's not, and Valentine's not an opinion in which the court looked entirely to court of appeals precedent and it defined what it was doing as invoking Supreme Court precedent. And. Yes, Your Honor, but it did so based on circuit court precedent. It said it cited several. What are you doing with Russell? I mean, the fact that you also cite a court of appeals opinion does not mean that you are not relying on the Supreme Court precedent. But it, it based its opinion on other circuit courts who said that Russell is applicable. That was the way that Valentine determined that. I mean, perhaps we don't think that's intellectually the correct approach, but we have a real problem with the idea that we are supposed to disregard an opinion that agrees that it exactly did that. I mean, it's just a, it's just a real problem in terms of your disregard of precedent. I mean, wouldn't it be better to look at what the evidence really was in this case and to focus on what actually happened here than it would be to toss out Valentine, which is a precedent we have to deal with. I am not asking you to overrule Valentine. I am asking you not to rely on it as clearly established Supreme Court law. And that for the purposes of our work is ignoring it. Well, I think that if you did rely on it, just as the Supreme Court has done in several other cases recently, it would say this is plain error and you may not do that. Do you have an argument that you could win even under Valentine? Yes. I think that our case is distinguishable from Valentine for various reasons. As the other, as a number of other cases have distinguished themselves. Yes. And in this case, for example, one of the problems that the Valentine Court had was with the nature of the evidence, that it was speculative, that it relied on guesstimates, I believe is some of the language, for how often this poor child was abused. And in our case, the prosecution was very careful not to elicit that type of evidence. He did ask her, how many times were you abused? But the responses were not couched as estimates. Additionally, Valentine had a problem with the fact that the evidence showed typical abuse. In other words, she told about a certain incident and then it was supposed to be representative. In our case, there wasn't evidence of anything typical. And I hate to even use the word typical because clearly the victim didn't feel that it was. I mean, she testified to numerous vaginal rapes that occurred during this time period. In addition, in this case, there was corroborating evidence other than the victim's testimony. The mother of the victim testified that the defendant had admitted to her that the victim and the defendant were lovers. This occurred after she confronted him when the victim finally reported the abuse in 2005. Can I just kind of ask you to walk us through a few steps? The discovery in this case consisted of the name of the victim, a witness list, what else? Well, first of all, the record is not entirely clear on that. So I have to be honest with the were named where the abuse occurred, in Cleveland and in Parma. And other than that, the record isn't especially clear on what exactly discovery was provided pre-trial. But there was discovery pre-trial. Would what was obviously provided through the Bill of Particulars and the witness list Ms. Cunliffe referred to, would that meet the Ohio requirements for the provision of discovery at that time? And the reason I say that is not that it matters what they were, but you could reasonably infer that what was provided was what was, that what was required was what was provided. It's not the habit of prosecutors to provide a bunch of information they don't have to. I don't have any reason to believe that discovery wasn't proper in this case. What would proper discovery have been? What would proper discovery have been? Well, I mean, they could have asked for more information. What did the rules require the prosecutor to turn over in Ohio at this point in time? That's what I'm asking you. I'm not sure exactly, but it's rule 16 is the relevant rule. And I believe that it's a fairly broad rule. I don't have the language. Well, I don't know. I mean, the federal discovery rules have never been, in criminal cases, have never been what you might consider broad. And Ms. Cunliffe suggested that the federal rules were substantially broader, perhaps, than what Ohio required. I just thought it'd be useful to know, but I think your time is up if there are no further questions. All right. Thank you very much. Briefly, let me just start with how you finished. I, the discovery rules, rule 16, they were changed to much concern in Ohio in 2010. There was a lot of discussion about fair discovery, even discovery. Now, what did they provide during the relevant time? During the relevant time period, the defendant was entitled to a list of witnesses, a bill of particulars, any statements he had given, and any reports done that are relevant to the case, reports like scientific reporting. So if the prosecution were going to call an expert, you'd be able to get those reports in advance of trial. Not police reports. No police reports. Just expert-type reports. That's correct. How about psychological evaluations of the victim? If a psychological evaluation were done, you would be entitled to that in advance of trial. None was... Why did you move again? Pardon? Why was there a second motion for a bill of particulars? Was the position that the notice provided was not adequate under the rules? That's correct. That's correct. Because the allegations remained the same. There were a couple of addresses... The bill of particulars would go to the allegations of the indictment, not to the discovery provided. That's correct. But that's what you got going into trial at the time. And seeing that this was a problem, the state of Ohio rectified it. And now there's balanced discovery on either side. I think that the cases that they cited in Valentine and the Valentine majority, when they said, yes, notice can be provided during the course of the trial, that presupposes that discovery was more ample than what we had here. Otherwise, providing discovery during the course of a trial, frankly, it's absurd. Because by then, the defendant has already laid out, he's already cross-examined witnesses. Well, you know, but it's a little... That's right, but it's hard to see. Once your client knew that he was alleged to have abused a particular victim in the home they shared at least part of the time, it seems that he would have known everything he needed to know in order to seek to establish the alibis that you suggested. You know, his presence in the home when he was there, when he wasn't, her absence at various times, you know, information about boyfriends. I mean, he would have known he was going to have to deal probably with this evidence of abortion and, you know, so other relationships might have been relevant. I mean, he would have known all that prior to trial, it seems. Well, timing, I'm not necessarily sure. And again, I'm not sure I agree with you, Judge, that over a six-year period of time, you can lay out your whereabouts. No, no, no, but you would know. I mean, when we asked you about that, you said, well, he wasn't in the home all the time. He wasn't. And so he'd know what periods he was. And, you know, that might well have been a fruitful area for cross-examination because at least I read the descriptions of her testimony as suggesting that if there were absences, they were infrequent. But I mean, all that could have been pursued prior to trial, presumably. Perhaps, but then you're still laying yourself open for the prosecution's argument that your alibi is not legitimate. Because there's always going to be- Alibis really, I mean, criminal trials generally aren't like civil trials. I mean, they provide, and as you know, I mean, you defend these cases, a lot of surprises at trial and a lot of, there's a lot no defendant knows going into trial. And that's been determined to be fine. Whether you're in state court or federal court, I mean, you just don't, the system is not structured to give you the kind of notice you'd have in a civil case. Which is problematic on a number of levels. Well, it might be, but it's a fact of life, isn't it? It is, it is. But, you know, federal indictments, I would have killed for a federal indictment here, frankly, it would have been a lot more clear. But putting that aside, this defendant was entitled to better notice than he got here. Whatever this court decides to do with Valentine, and frankly, I can't advise you. I think that Mr. Coles is entitled to relief of some kind. Either a new trial or some kind of relief in this case based on the lack of notice here. Thank you very much for your time. I appreciate it. Thank you both for your argument. We'll consider the case carefully. And since there are no other arguments scheduled this morning, you may adjourn court.